74 F.3d 1247
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
WASHINGTON WILDERNESS COALITION, Plaintiff-Appellant,
v.
WALLA WALLA COUNTY, Defendant-Appellee.
 No. 95-35454.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 10, 1996.
Decided Jan. 19, 1996.
 
 1
 Before: BROWNING, WRIGHT, and CANBY, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 I.
 
 3
 The district court correctly ruled that Washington Wilderness Coalition ("WWC") lacked standing because it failed to demonstrate an actual or threatened injury to itself or its members. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Wedges/Ledges of California, Inc. v. City of Phoenix, 24 F.3d 56, 61 (9th Cir.1994) (standing requires showing of actual or threatened injury, causation, and redressability).
 
 
 4
 WWC failed to demonstrate direct standing by showing "concrete and demonstrable injury to the organization's activities." Havens Realty Corp. v. Coleman, 455 U.S. 363, 379 (1982). Although WWC contends it will be unable to carry out its mission unless it effectively lobbies the "new layer of bureaucracy" created by the ordinances, it offers no evidence that it has lobbied the counties or intends or needs to do so, and we cannot presume from WWC's past lobbying efforts at the federal and state level that it will undertake similar activity at the county level. See Lujan, 504 U.S. at 564 (plaintiffs who did not provide specific or concrete details regarding their future plans failed to establish an actual or imminent injury). At best, WWC has demonstrated a "setback to [its] abstract social interests," which does not suffice to confer standing. Havens Realty, 455 U.S. at 379 (citing Sierra Club v. Morton, 405 U.S. 727, 739 (1972)).
 
 
 5
 WWC also failed to establish representational standing. WWC can bring suit on behalf of its members if the members would have standing to sue in their own right and the issue being litigated is related to WWC's purpose, see Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 343 (1977), but WWC failed to show that the ordinances have resulted in actual or threatened injury to its members. WWC claimed one of its members, Phil Brick, would be injured because the ordinances would weaken environmental protections, resulting in harm to public lands Brick uses. However, there was no evidence the ordinances were affecting environmental decisions; the only relevant testimony was from federal employees who stated they were disregarding the ordinances.
 
 
 6
 WWC argues the ordinances have had a "chilling effect" on Brick's speech. Although a government regulation that chills an individual's exercise of his First Amendment rights creates a cognizable injury, Laird v. Tatum, 408 U.S. 1, 11 (1972), a "subjective chill," standing alone, does not create injury. See National Student Ass'n v. Hershey, 412 F.2d 1103, 1114 (D.C.Cir.1969) (a plaintiff who "alleges a First Amendment chilling effect and shivers in court" does not automatically establish a case or controversy). Standing does not exist if injury is too speculative--if the record provides little indication that the plaintiffs had firm intentions to "take action that would trigger the challenged governmental action" or that if they did, "they would be subjected to the challenged governmental action." Associated Gen. Contractors of California, Inc. v. Coalition for Economic Equality, 950 F.2d 1401, 1407 (9th Cir.1991).
 
 
 7
 Read literally, conceivably the ordinances could be enforced against environmental advocacy by a private citizen, but a threat of enforcement does not arise simply because the language of the ordinances leaves open this slim possibility. See Western Mining Council v. Watt, 643 F.2d 618, 627 (9th Cir.1981) ("The mere existence of a statute, which may or may not ever be applied to plaintiffs, is not sufficient to create a 'case or controversy.' "). A fear of enforcement based solely on the language of the ordinances is the kind of "subjective chill" that will not suffice to confer standing.
 
 
 8
 Even if Brick had established a threat of enforcement, we agree with the district court that he failed to state with sufficient specificity the effect of the threat upon his protected speech. Brick said the ordinance had "chilled [his] participation in local politics," caused him to "think twice about advocating environmental positions," and deterred him from being "as vocal" as he would have been on environmental issues, but he offered no concrete examples of positions he avoided espousing or views he expressed less strongly because of the ordinances. Absent specific, concrete details, we cannot assume Brick has suffered an injury sufficient to confer standing. See Lujan, 504 U.S. at 564. Because Brick lacks standing to sue in his own right, WWC's representational standing claim fails.
 
 II.
 
 9
 Because we affirm based on WWC's lack of standing, we do not consider whether WWC's challenge was ripe for decision, nor do we express any opinion regarding the merits of WWC's constitutional challenges.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3